## No. 636

### LEIBOWITZ v. POLSTEIN

Ohio Appeals, 9th Dist., Summit Co.

No. 1215. Decided Feb. 17, 1927.

480. EVIDENCE—355. Admissions—1089. Settlements—Settlement made by owner of truck to one of two persons injured not evidence which is competent in suit brought by remaining injured party as tending to prove admission on part of owner of truck, that the collision was due to his negligence.

Error to Common Pleas. Judgment affirmed.

#### First Publication of this Opinion

WASHBURN, PJ.

David Polstein had in his employ Fred Bond and William Leibowitz, minor. Bond obtained Polstein's truck to perform some duty within h:s employment and Leibowitz accompanied him. While on this errand, the Polstein truck and that operated by a man by the name of Murray, collided and Leibowitz was injured.

The jury returned a verdict for Polstein and Leibowitz prosecuted error claiming that the Court erred in the rejection of certain evidence offered by him. This evidence appeared to be with regard to a settlement which Polstein had made in a suit, with Murray the driver of the truck with which he had collided. The argument was that evidence of the settlement in the Murray case was competent in the instant case, as tending to prove an admission on the part of Polstein that the collision was caused by the negligence of Bond, who was driving Polstein's truck at the time of the collision.

The trial court properly sustained objections to such evidence.

· The payment made by Polstein to Murray was made in the settlement of a suit which was then being tried and was a compromise settlement. Evidence of such settlement was not competent as tending to show an admission by Polstein that the driver of his truck was negligent and that such negligence was the proximate cause of such collision.

It is claimed that 12993 GC. applies and that said minor, Leibowitz, was employed and suffered to work "in the transportation of merchandise." The trial court was right in determining that said statute did not apply to the transaction shown by the record in this case.

The trial court was right in refusing to apply 13002 GC., said section prohibiting the employment of a minor under 16 years of age in "operating any automobile, motor car or truck," because said minor was not employed to operate and was not engaged in operating any automobile, or truck at the time of the collision.

Judgment affirmed.

(Funk and Pardee, JJ., concur).

Attorneys—Jonathan Taylor for Leibowitz, Carl M. Myers for Polstein, both of Akron.